## No. 10,184.

CHARLES ANDREW JOHNSON VS. CHARLES CAVANAC, TAX COLLECTOR.

The Supreme Court has no jurisdiction over tax suits regardless of the amounts involved unless the legality or constitutionality of the tax be in contestation.

In a case where the party resists the payment of a tax, on the grounds of payment, of illegality in the assessment, or of the mode of levying the tax and of other irregularities involving the validity of the tax, the amount of the tax claimed, and not the value of the property seized therefor, is the matter in dispute.

In such cases, if the amount of the tax does not exceed $2000, the Supreme Court has no jurisdiction.

APPEAL from the Civil Court for the Parish of Orleans. *Houston, J.*

---

*Chas. F. Claiborne* for Plaintiff and Appellee:

1. This Court has no jurisdiction of an injunction taken by the owner of property to restrain the sale thereof for an amount of taxes less than $2000, even if the property is worth more than $2000. 38 Ann. 39, 230, 99; 36 Ann. 801, 392.

2.   The assessment roll must designate the lot according to a particular plan.  37 Ann. 60.

3.   Registry laws apply to the State for its taxes.  Constitution 1868 ; 30 Ann. 1365 ; 26 Ann. 592 ; 28 Ann. 496 ; 31 Ann. 514, 517.

4.   If the State neglects to record its delinquent tax list within the time prescribed by law, it loses its privilege as against third persons, and retains only a mortgage.  36 Ann. 272 ; 34 Ann. 1131 ; 31 Ann. 286 ; 29 Ann. 415 ; 28 Ann. 496, 305 ; 27 Ann. 460, 407, 244, 275, 48 ; 26 Ann. 80, 592 ; 24 Ann. 610 ; 23 Ann. 286 ; 20 Ann. 80, affirming ; 12 Ann. 778. 18 Ann. 142 ; 16 L. 292.

*Walter H. Rogers*, Attorney General, and *James C. Moise* for Defendant and Appellant :

1.   Tax collectors may proceed to enforce collection of taxes upon copies of the delinquent roll deposited in the recorder's office when the original assessment rolls are missing- Act 50 of 1877, p. 81.

2.   Section 1 of Act 82 of 1884 provides that property offered for sale under the authority of that act shall be advertised by a description "sufficient to identify, describe or deliver the property."

3.   Absolute perfection in the description of property on assessment rolls is not required. It is sufficient if it be such as not to mislead the owner.  Blackwell Tax Title, 139 to 140 ; Cooley on Tax. pp. 286, 285 ; Woodside et al. vs. Wilson, 32 Penn. St. 55, 57 ; City vs. Miller, 49 Penn. St. 455 ; 13 Sergeant & Rawle, 360 ; 4 Watts, 351, 355 ; 18 Penn. St. 151 ; 58 Penn. St. 290 ; Rougelot vs. Quick, 34 Ann. 126 ; 1 Ann. 195.

4.   Where the law provides for the mode and manner of correcting assessments, and every opportunity is afforded the taxpayer to have the defects and errors of his assessment corrected, if any exist, he cannot afterwards plead such errors as a defense against the enforcement of the tax.  A tax payer will not be permitted to profit by his own negligence, and is therefore bound by the assessment.  21 Ann. 439 ; 11 Ann. 195, 69, 251 ; 23 Ann. 781 ; 27 Ann. 520.

5.   Act 42 of 1871 creates a lien and privilege in favor of the State for State taxes without the filing of the rolls.  Sec. 37, p. 115.  As the lien and privilege is not created by the filing of the rolls, third persons have full notice of the existence of the tax lien and privilege to be created for each year's tax before the filing of the rolls.  When such filing takes place it operates as a registry of the lien and no mortgage can prime such lien unless recorded after the taxes are delinquent and before the filing of the rolls.

6.   No act done in contravention of a positive prohibitory law can affect the rights of the State, when such law was adopted expressly to preserve those rights.  Therefore, a sheriff who violates the law by passing an act of sale to a certain purchaser, without seeing that all the taxes are paid cannot release the property from the burden of paying the tax.  Section R. S. 3620 ; 33 Ann. 382.

7.   A mere declaration in a notarial act of sale that all taxes had been paid cannot bind the State of Louisiana, where no receipt or certificate to that effect had been exhibited to the notary, or when no evidence was adduced that the receipt or certificate was lost or mislaid.

     When such declaration was brought to the notice of counsel after trial, it should not be considered, there being no allegation of payment and the deed of sale not having been introduced for the purpose of proving payment.

8.   Where the Recorder of Mortgages omits to recite in his certificate a lien and privilege in favor of the State for the tax of a certain year, the purchaser should not hold the recorder.  The State cannot be made to lose her tax by reason of the recorder's mistake. Morano vs. Shaw, 23 Ann. 382.

The opinion of the Court was delivered by

POCHÉ, J.   Appollee's suggestion that the matter in dispute in this

case is in amount less than the lower limit of our jurisdiction is well founded.

The suit is an injunction to restrain the sale of plaintiff's property for State taxes amounting to $236.50, which are alleged to be not due on several grounds, one of which is that a portion of the taxes claimed have been paid, and on other grounds of alleged illegality in the mode of assessing the property, of levying the taxes and in the want of proper registry. Nothing in the pleadings suggests an issue involving in any way the legality or constitutionality of the tax which plaintiff resists; the only feature which could vest jurisdiction in this court, irrespective of the amount involved. Constitution, Art. 81.

If, instead of enjoining the sale, plaintiff had paid the sum of $236.50, with interests, penalties and costs, for which his property was advertised, there would have been an end of the case. He is therefore in the attitude of a defendant in execution of a judgment in a sum less than two thousand dollars, and the amount of that judgment, not the value of the property seized, would be the matter in dispute between the plaintiff in execution and himself.

The matter in dispute in this case is the contested right of the State to enforce the payment of taxes amounting to $236.50, by levying on plaintiff's property; hence the value of his property is no factor in the jurisdictional features of the controversy.

To this purport have been the uniform rulings of this court. Agmar vs. Bourgeois, 36 Ann. 392; Cobb vs. McGuire, 36 Ann. 801; State ex rel. David vs. Judges, 37 Ann. 898; Denis vs. Houston, 38 Ann. 39; Minor vs. Budd, 38 Ann. 99; Favrot vs. City, 38 Ann. 230; New Orleans vs. Schoenhausen, 39 Ann. 237.

But counsel for appellant contend that the real issue in the case is the contested right of the State to offer for sale for unpaid taxes property exceeding $2000 in value, which property was in truth owned by the State, the proceeding being carried on under the provisions of Act 82 of 1884.

That contention is not borne out by the pleadings, and is effectually contradicted by the evidence in the record, which consists mainly of admissions made by counsel of both parties.

The issues tendered by plaintiff are stated in the first part of this opinion, and, among other reliefs sought by him, plaintiff asked that the assessment of his property for the years 1871 and 1872, in the name of John Coleman, be annulled, and that the property be stricken from the delinquent list for said years; he also prayed for the erasure of the the inscription thereof in the mortgage office. The issues thus ten-

dered were met by a general denial and by a special denial of the alleged payment of the taxes claimed, and of the alleged cancellation of the inscriptions by the Sheriff, who had sold said property in an executory process.

We therefore repeat that the pleadings suggest no other issue but the contested right of the State to enforce the payment of the taxes resisted by plaintiff.

The record contains an admission by appellant's counsel that the advertisement was for taxes amounting to $236.50, assessed for the years 1871 and 1872, in the name of John Coleman, the original owner of the property, "of which C. A. Johnson is the present owner." It is too clear for argument that such an admission entirely does away with the present contention, manifestly an afterthought, that the title of the property stood in the name of the State.

Conceding that the proceeding was instituted under the provisions of Act 82 of 1884, which the record does not show, a reference to the act discloses that it provides for the sale of two distinct classes of property :

1.   Of property previously adjudicated to the State at a tax sale ;

2.   Of property not thus bid in by the State, on which there remain unpaid taxes due to the State prior to December 31, 1879.

And the law requires the advertisement in the first case to give the name of the party in whose name the property was assessed, and in the other instance the name of the present owner.

The latter case is precisely the attitude of the advertisement now under consideration, showing conclusively that the property had never been adjudicated to the State, and that the title stood and yet stands in the name of C. A. Johnson, plaintiff herein.

Hence appellant's contention cannot save the present appeal, over which this Court is without jurisdiction.

It is therefore ordered that this appeal be dismissed with costs.